IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAURUS RASHONE LASETER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:18-CV-444-MHH-KFP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Taurus Rashone Laseter is before the Court with his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. CIV. Doc. 1.[1] For the reasons discussed below, the Court finds Laseter's § 2255 Motion should be DENIED without an evidentiary hearing and DISMISSED with prejudice.

**I.   BACKGROUND**

On November 4, 2015, Laseter pled guilty under a plea agreement to conspiracy to possess with intent to distribute controlled substances (5 kilograms or more of cocaine and a detectable amount of marijuana) in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One) and possessing a firearm to further a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three).[2] CRIM. Doc. 127. After a sentencing hearing on April

---

[1] References to document numbers in this action are designated as "CIV. Doc.," and references to document numbers assigned by the Clerk of Court in the underlying criminal case (Case No. 2:15-CR-195-MHH) are designated as "CRIM. Doc." Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

[2] Count Two of the indictment, which charged Laseter with unlawful use of a communication facility (21 U.S.C. § 843(b)), was dismissed as part of the plea agreement. CRIM. Doc. 71 at 4.

12, 2017, the district court sentenced Laseter to 300 months in prison—240 months on the drug conspiracy count (Count One) and a consecutive term of 60 months on the gun count (Count Three). CRIM. Doc. 126. Laseter did not appeal.[3]

On April 26, 2018, Laseter filed his § 2255 Motion asserting these claims:

1. Counsel was ineffective for failing to communicate with him and inform him of the relevant circumstances and likely consequences of pleading guilty.

2. Counsel was ineffective for failing to conduct an "adequate and independent" pretrial investigation.

3. Counsel was ineffective for failing to negotiate a more favorable plea agreement.

4. Counsel was ineffective for failing to discuss and explain the presentence investigation report.

5. Counsel was ineffective for failing to file substantive objections to the presentence investigation report.

6. Counsel was ineffective for failing to argue for mitigation of his punishment and object to his sentence as substantively unreasonable.

CIV. Doc. 1 at 4–5.

## II.  STANDARD OF REVIEW

### A.  General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution

---

[3] The plea agreement contained a provision in which Laseter waived his rights to appeal and file a § 2255 motion except to raise claims of ineffective assistance of counsel or prosecutorial misconduct. CRIM. Doc. 71 at 6–7.

or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

      **B.**      **Standard for Claims of Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the Court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The Court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the Court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

As for the second prong of the *Strickland* test, a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

The *Strickland* standard for evaluating claims of ineffective assistance of counsel is applicable to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A petitioner alleging ineffective assistance in this context must establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process." *Id*. at 59. Thus, to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded [not] guilty and would . . . have insisted on going to trial." *Id*. A mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors is insufficient to establish prejudice; rather, the Court will look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001).

Unless a petitioner satisfies both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. If a court decides that one of the requisite showings

has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### III.   DISCUSSION

**A.   Counsel's Failure to Communicate with Laseter and Inform Him of Consequences of Guilty Plea**

Laseter first claims his lawyer, J. Mark Shelnutt, rendered ineffective assistance of counsel by failing to communicate with him and "inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial." CIV. Doc. 1 at 4.

Laseter's § 2255 Motion presents no facts or argument supporting this claim. Laseter's Reply to the Government's Response to his § 2255 Motion also fails to elaborate upon this claim except to suggest that Shelnutt failed to consult with him about the "general strategy and prospects of success" in his case. CIV. Doc. 13 at 5–6. He says Shelnutt's failures in this regard "made" him plead guilty when, if he had been properly informed, "there is a reasonable probability that he would have opted to proceed to trial." *Id.*

Addressing Laseter's claim, Shelnutt states:

> [Laseter's] allegation is simply not true. Counsel met with the defendant multiple times prior to entering a plea and explained to him in detail all of the relevant circumstances surrounding his charges and the consequences of pleading guilty as opposed to proceeding to trial. Counsel took copies of the applicable code sections under which he was charged as well as going over the relevant sentencing guidelines and sections that would be applicable in his case. Of particular concern to Mr. Laseter was that he was charged in Count One of his indictment with conspiracy to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count Two of the indictment was dismissed as part of the plea agreement, but Count Three charged him with possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924 (c)(1)(A)(i) crime beginning

5

> on or about April 20, 2015, within the Middle District of Alabama. If Mr. Laseter had gone to trial on Count One, because the government had threatened to file a notice to establish four prior convictions if Mr. Laseter did not enter a guilty plea and were he to be convicted, Mr. Laseter was facing a mandatory term of life imprisonment. Count Three of the indictment carried a five-year minimum mandatory sentence to be served consecutive to Count One. Trial Counsel discussed at length the proposed plea agreement that the government eventually offered to Mr. Laseter wherein they would agree to allow him to enter a plea to Count One with the government only insisting on his plea to under 21 U.S.C. § 846 with one drug felony as opposed to four which brought his sentence to no less than 20 and no more than life. Counsel went over the plea agreement in great detail with Mr. Laseter, and he understood and agreed to plea to that plea agreement. Because the plea agreement caused Mr. Laseter to avoid a minimum mandatory sentence of life imprisonment, his sentencing range after being given credit for acceptance of responsibility and the resulting additional level decrease brought his sentencing range to 322 to 387 months. The defendant was carefully advised of the consequences of pleading guilty as well as the consequences of going to trial. Affiant firmly believed that he would also, in addition to being able to argue a Motion for a Downward Variance at sentencing (which he successfully did) which resulted in a lower sentence than called for within the guidelines, he also believed that the government would be filing a motion to reduce his sentence further due to cooperation on Mr. Laseter's part. Counsel for the defense personally arranged for a minimum of two separate debriefings with prosecutors and lead investigators in this case in order for the defendant to receive a § 5K1 Reduction.
>
> Counsel believed this was, by far, Mr. Laseter's best chance to get a lesser sentence as his chances of prevailing at a trial were extremely remote in light of the investigation done by counsel and his staff.

CIV. Doc. 7-1 at 3–4 (paragraph numbers removed).

Laseter executed a written plea agreement with the Government. CRIM. Doc. 71. The agreement stated that the Government agreed to dismiss Count Two of the indictment (charging Laseter with unlawful use of a communication facility) and to recommend that Laseter receive adjustments for acceptance of responsibility and be sentenced to "no higher than the middle of the guidelines range." *Id*. at 3–4. The agreement also stated that Laseter

6

faced a minimum term of 20 years and a maximum term of life upon conviction for the drug conspiracy count (Count One) with one prior drug felony conviction and that he faced a minimum term of five years consecutive for the gun count (Count Three). *Id*. at 2. An addendum to the plea agreement contained a cooperation agreement in which the Government, under U.S.S.G. § 5K1.1,[4] could, in its discretion, request that the district court sentence Laseter below the sentence contemplated by the Guidelines if the Government determined Laseter has provided substantial assistance to the prosecution in other cases. CRIM. Doc. 72.

Laseter signed the written plea agreement and addendum and certified that he had read the documents, understood their terms, and was satisfied that he "received competent advice and representation from [his] defense counsel." CRIM. Doc. 71 at 11; CRIM. Doc. 72 at 4.

At the change of plea hearing, Laseter authenticated his plea agreement certification and affirmed to the magistrate judge that had reviewed and discussed the plea agreement with Shelnutt and that he understood its terms. CRIM. Doc. 127 at 4–6. Laseter averred that he was fully satisfied with the representation and advice given to him by Shelnutt. *Id*. at 4. He further affirmed that, other than the plea agreement, no one had made any promises or assurances to him to get him to plead guilty. *Id*. at 5, 7.

---

[4] Under U.S.S.G. § 5K1.1, the Government may file a motion stating that a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense and requesting that the sentencing court depart from the guidelines.

The magistrate judge advised Laseter of the statutory sentences for the counts to which he was pleading guilty—a minimum term of 20 years and a maximum term of life for Count One, and a minimum term of five years consecutive for Count Three—and explained to Laseter the rights he was giving up by pleading guilty. CRIM. Doc. 127 at 7–15. Laseter affirmed that he understood these matters. *Id*. at 8–15. After a factual basis for each count was established, the magistrate judge accepted Laseter's guilty plea. *Id*. at 16–20.

There is a strong presumption that the statements made by a defendant during the guilty plea colloquy are true. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting from *Blackledge v. Allison*, 432 U.S. 63, 73–74 (1977), that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings"). Here, Laseter makes only cursory assertions about Shelnutt's alleged failure to communicate with him and inform him of the consequences of pleading guilty. He fails to meet his burden to rebut his own sworn statements that he discussed his case with Shelnutt and was satisfied with his representation and advice and that he understood the plea agreement, his possible sentence, and the consequences of pleading guilty.

Allegations of a § 2255 petitioner, even when accompanied by the petitioner's affidavit, are insufficient to mandate an evidentiary hearing in the face of a record contradicting the petitioner. *See Winthrop-Redin*, 767 F.3d at 1217. The record affirmatively contradicts Laseter's allegations that Shelnutt failed to communicate with

8

him and that he did not understand the consequences of his plea. Thus, Laseter is not entitled to relief.

Moreover, Laseter has not shown that he was prejudiced, because he has not demonstrated that he would have insisted on going to trial but for the alleged errors of Shelnutt. *Hill*, 474 U.S. at 59. Laseter accepted an advantageous plea agreement. He does not deny that he is guilty or suggest a plausible defense to the charges against him. As Shelnutt's affidavit establishes, Laseter's agreement to plead guilty eliminated the risk that Laseter would receive a mandatory term of life imprisonment on Count One because the Government agreed to forgo pursuing a § 851 notice[5] alleging four prior felony drug convictions and instead pursued its notice on only one prior felony drug conviction. Laseter also benefited from the Government's dismissal of Count Two and reductions in his guideline level for acceptance of responsibility. Under the circumstances, Laseter fails to show that a decision to reject the plea bargain in his case would have been rational. *See Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). Considering the factual circumstances surrounding the plea, *Miller*, 262 F.3d at 1072, the Court finds no reasonable probability that Laseter would have opted to proceed to trial but for the alleged error of Shelnutt. Accordingly, this claim of ineffective assistance of counsel fails.

**B.     Counsel's Failure to Conduct Adequate Investigation**

Laseter next claims Shelnutt was ineffective for failing to conduct "an adequate and independent pretrial investigation." CIV. Doc. 1 at 4; *see* CIV. Doc. 13 at 4–6.

---

[5] *See* 21 U.S.C. § 851.

Again, Laseter's § 2255 Motion sets forth no facts or arguments supporting this claim. In his Reply to the Government's Response to his § 2255 Motion, Laseter suggests that Shelnutt should have filed "substantive pretrial motions . . . to determine the strength of the government's case-in-chief," including "motions such as a Request for Rule 404(b) of the Federal Rules of Evidence Material; a Motion to Dismiss for Want of Sufficiency; a Motion to Obtain the Grand Jury testimony; and Motion to Suppress." CIV. Doc. 13 at 4–5. Laseter also alleges that he was "unable to obtain the discovery that he needed to be fully informed so that he could make an informed decision on whether to plead guilty or proceed to trial." *Id*. at 5.

Addressing Laseter's claim, Shelnutt states:

> Mr. Laseter alleges that there was a failure to conduct an adequate and independent pretrial investigation. This was simply not true. Counsel thoroughly investigated all of the facts and circumstances surrounding the case, interviewing witnesses given to him to interview by the defendant as well as reviewing all of the discovery given furnished by the government which included taped [transactions] between the undercover informants and agents with the petitioner that would have proven very damaging at trial. In addition, counsel was informed that petitioner's co-defendant would also be a witness against him were we to proceed to trial which was just another reason his changes [sic] to prevail were slim to none.

CIV. Doc. 7-1 at 3–4.

To demonstrate prejudice based on counsel's allegedly inadequate investigation, a defendant must show what information would have been obtained from further investigation and that it would have produced a different outcome in the proceedings. *Palmer v. Clarke*, 408 F.3d 423, 445 (8th Cir. 2005) (the defendant could not show "prejudice" because he failed to demonstrate specifically what further evidence would have

10

been uncovered and how it would have affected the outcome of the trial and instead rested on "general allegations," which the court held were insufficient); *see also, e.g., United States v. Price,* 357 F. Supp. 2d 63, 67–68 (D.D.C. 2004).

Here, Laseter provides no identifiable, specific facts other than his general allegation that Shelnutt failed to conduct an adequate investigation. His general allegation will not support his claim of ineffective assistance of counsel. He fails to show what information would have been obtained from further investigation, and he does not demonstrate that Shelnutt's actions were professionally unreasonable or that he was prejudiced by his allegedly deficient performance.

As for the pretrial motions Laseter says Shelnutt should have filed, Laseter presents no grounds upon which these motions might have been based. He presents no arguments suggesting how any of these motions might have succeeded, yielded evidence beneficial to his defense, or affected his decision to plead guilty. He also fails to show that Shelnutt had any reason to believe he should file the various motions Laseter now urges. Laseter does not demonstrate that his counsel's performance was professionally unreasonable or prejudicial. *Strickland*, 668 U.S. at 687–88. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (defendant must establish prejudice where counsel failed to move to suppress evidence); *Iron Wing v. United States*, 34 F.3d 662, 665 (8th Cir. 1994) (defendant is not prejudiced by counsel's failure to file a motion to suppress if it would have been denied); *see also Green v. Nelson*, 595 F.3d 1245, 1251–52 (11th Cir. 2010).

Accordingly, Laseter is entitled to no relief on this claim of ineffective assistance of counsel.

### C. Counsel's Failure to Negotiate a More Favorable Plea Agreement

Laseter next claims Shelnutt was ineffective for "failing to attempt to negotiate a more favorable plea agreement with a less harsh sentence." CIV. Doc. 1 at 4.

As with Laseter's other claims, his § 2255 Motion sets forth no facts or argument to support this claim. In his reply to the Government's response to his § 2255 Motion, Laseter says only, "Had Shelnutt attempted to negotiate a palatable plea agreement with the government, there is a reasonable probability that Laseter would have proceeded to trial or pled guilty without a plea agreement, and received a significantly less harsh sentence." CIV. Doc. 13 at 6.

> Addressing this claim, Shelnutt states:
>
> The petitioner also claims that counsel failed to attempt to negotiate a more favorable Plea Agreement which deprived him of an effective assistance of counsel. Nothing could be further from the truth. Pre-trial counsel literally pleaded with prosecutors in this case to give Mr. Laseter more consideration throughout the entire negotiating process. The Assistant U.S. Attorney on this case indicated to me that he was getting his orders from above and that he had given me the absolute bottom line in allowing Mr. Laseter the opportunity to help himself through the possibility of securing a reduction with the possibility of an agreement as well as not proceeding to attempt to get the harshest sentence that was available to Mr. Laseter by filing charges that included two or more prior drug felonies which again, would have subjected Mr. Laseter to a sentence of life had he been convicted of trial. Counsel had numerous telephone conversations with the prosecutor in this case as well as exchanging numerous emails pleading very passionately and sincerely for Mr. Laseter to get the breaks that he did get but also requesting more.

CIV. Doc. 7-1 at 5.

Laseter fails to show a reasonable probability that, had his counsel acted differently, the Government would have made a more favorable plea offer. *See Lafler v. Cooper*, 566

12

U.S. 156, 164 (2011). Laseter's subjective belief that the Government's actual plea offer was not the best he could do fails to create an inference that another, more favorable plea offer existed or was obtainable. Indeed, there is no evidence that a more favorable plea agreement was obtainable. As the Government argues in its response to this claim by Laseter (CIV. Doc. 11 at 21), a petitioner fails to establish he was prejudiced by counsel's failure to negotiate a more favorable plea agreement with nothing more than the bald assertion that such an agreement might have been possible. *See Cummings v. United States*, 2013 WL 2422889, at *8 (S.D. Ga. June 3, 2013); *Guyadeen v. United States*, 2006 WL 1360894, at *2–3 (M.D. Fla. May 17, 2006) (finding no prejudice because, "even assuming [petitioner's] counsel should have proffered that substitute conditions be included in the plea agreement, there is no evidence that the government would have acquiesced"); *Freeman v. United States*, 2011 WL 2680494, at *5 (N.D. Ga. June 10, 2011), adopted sub nom by *United States v. Warner-Freeman*, 2011 WL 2680509 (N.D. Ga. July 7, 2011) (holding that "[a]ll [m]ovant shows is that [he] would have preferred a more favorable plea agreement—such a showing could be made by almost anyone who has entered into a guilty plea.").

Because Laseter fails to demonstrate prejudice from his counsel's alleged failure to negotiate a more favorable plea agreement, he is entitled to no relief on this claim.

   **D.**  **Counsel's Failure to Discuss the Presentence Investigation Report**

Laseter next claims Shelnutt was ineffective for failing to "correctly discuss and explain" the presentence investigation report ("PSR") before sentencing. CIV. Doc. 1 at 5. According to Laseter, he had "no idea what his sentence was going to be until he was

13

sentenced," and he wanted to challenge the 21 U.S.C. § 851 enhancement that was applied to his drug conspiracy conviction (based on his prior felony drug conviction) and to object to the PSR's overstatement of his criminal history. CIV. Doc. 13 at 6. Laseter says Shelnutt's failure to discuss the PSR with him deprived him of a chance to argue for a lesser sentence. *Id.*

> Addressing Laseter's claim, Shelnutt states:
>
> The petitioner has alleged [as] ineffective assistance . . . that counsel failed to discuss and explain the Pre-Sentence Report with him prior to the sentencing. This was simply not the case at all. Counsel met with the defendant prior to sentencing and went over every single provision [in] the Pre-Sentence Report, and Mr. Laseter did not indicate any grounds upon which to object to the PSR.

CIV. Doc. 7-1 at 5.

Even assuming (without finding) that Shelnutt did not adequately discuss the PSR with Laseter before sentencing, Laseter fails to demonstrate a reasonable probability that he would have received a lesser sentence had Shelnutt acted differently. Laseter's claim that he had "no idea" what his sentence would be until he was sentenced conflicts with his statements in the written plea agreement and at the change of plea hearing, where he indicated he was aware of the sentence he faced upon conviction. Laseter offers no grounds upon which a challenge to the § 851 enhancement or an objection to the alleged overstatement of his criminal history in the PSR might have been based. Moreover, the record shows that Shelnutt filed a Sentencing Memorandum before sentencing in which he argued that the PSR overstated Laseter's criminal history. CRIM. Doc. 111 at 3–5. Shelnutt pursued this argument at the sentencing hearing. CRIM. Doc. 126 at 6–10. Thus, Laseter

fails to demonstrate that Shelnutt's performance was professionally unreasonable or prejudicial. Accordingly, he is entitled to no relief on this claim of ineffective assistance of counsel.

### E. Counsel's Failure to File Substantive Objections to the PSR

Laseter next claims Shelnutt rendered ineffective assistance by failing to file substantive objections to the PSR. CIV. Doc. 1 at 5. In support of this claim, Laseter repeats his assertion that he wished to challenge the § 851 enhancement applied to his drug conspiracy conviction and to object to the PSR's overstatement of his criminal history. CIV. Doc. 13 at 6.

> Addressing this claim, Shelnutt states:
>
> Contrary to the Petitioner's allegations[,] although counsel did not file a specific objection to a particular provision of the PSR, he did not see any errors to raise. He filed a sealed Sentencing Memorandum which is in direct contradiction to the final portion of Mr. Laseter's argument claiming that counsel failed to argue for mitigation of punishment and that his sentence was unreasonable. Counsel's sealed Sentencing Memorandum speaks for itself and is available for the Court's review as it was filed on April 7, 2017, and counsel vigorously argued that the facts of the case[,] though not welcoming to the idea to pursuing a trial, did not rise to the level of punishment that was called for by the guidelines and counsel argued the factors that should be taken into consideration at sentencing that supported a downward variance. One of the biggest burdens to successful argument was the defendant's prior record, which was simply horrendous. The defendant had multiple prior felony convictions, and [counsel argued] that his convictions, though numerous, did not adequately reflect his criminal history due to the factual basis of many of them, being relatively small drug offenses for which he received little or no time, and that many of them had been several years prior to the conduct for which he had been convicted. It is important to note that counsel was extremely frustrated that Mr. Laseter did not receive a motion by the government to seek a reduction of the sentencing based on their cooperation agreement that had been secured as part of the plea agreement. There was an addendum to the plea agreement and in the sentencing memorandum counsel argued that the defendant had provided

15

>significant information that he argued fiercely with the government attorneys about whether or not they qualified him to get the benefit of a 5K1 or 35B motion. As a matter of fact, defense counsel indicated that in his 29 years of experience, he had not ever had a client cooperate to the extent that Mr. Laseter did that did not get some sort of cooperation, and counsel requested permission to elaborate on this at his sentencing.

CIV. Doc. 7-1 at 5–6.

As previously noted, Laseter offers no grounds upon which a challenge to the § 851 enhancement or an objection to the overstatement of his criminal history might have been based. Moreover, through his Sentencing Memorandum and at the sentencing hearing, Shelnutt argued vigorously that Laseter's PSR overstated his criminal history and also that Laseter's cooperation with the Government should have prompted the Government to move for a downward departure under U.S.S.G. § 5K1.1. Failing to demonstrate deficient performance by Shelnutt or resulting prejudice, Laseter is entitled to no relief on this claim.

    **F.**    **Counsel's Failure to Argue for Mitigation**

Finally, Laseter claims Shelnutt was ineffective for "failing to argue for mitigation of punishment," specifically by arguing that his sentence was substantively unreasonable and by moving for a downward variance. CIV. Docs. 1 at 5, 13 at 7–14.

As discussed above, the record reflects that, in his Sentencing Memorandum and at the sentencing hearing, Shelnutt argued for mitigation of Laseter's punishment by contending that the PSR overstated Laseter's criminal history and that Laseter's cooperation with the Government warranted a § 5K1.1 downward-departure motion from the Government. Shelnutt argued for, and obtained, a downward departure by the district court, which sentenced Laseter to a total of 300 months' imprisonment when his calculated

16

guidelines range was 322 to 387 months and the statutory minimum for his conviction on Count One was 20 years (240 months) and the statutory minimum for his conviction on Count Three was five years (60 months).

Laseter's sentence was the statutory minimum. He fails to show how this sentence was substantively unreasonable. As outlined above, he also fails to show that Shelnutt did not argue for mitigation of his punishment. Finally, he fails to point to any argument Shelnutt should have made that was reasonably likely to have resulted in his receiving a lesser sentence.

Laseter maintains that Shelnutt should have argued that the Supreme Court's then-recent decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), provided a ground to impose a sentence lower than the one he received. CIV. Doc. 13 at 7–13. In *Dean*, the Supreme Court held that a sentencing court is not prohibited from considering the impact of the mandatory minimum sentence required under 18 U.S.C. § 924(c) when determining the appropriate sentence for the predicate offense. *Dean*, 137 S. Ct. at 1176. In Laseter's case, Count One set out the predicate drug trafficking crime for his § 924 conviction under Count Three. The statutory minimum sentence for Count One was 20 years, and this was the sentence the district court imposed for that count. As already noted, the district court imposed the statutory minimum sentence for Count Three as well. Even under *Dean*, the district court could impose a sentence no lower than 20 years for Count One and no lower than five years for Count Three. *See United States v. Thornbrugh*, 2017 WL 3976295, at *2 (N.D. Okla. Sept. 8, 2017) ("*Dean* does not state a mandatory rule that would entitle defendant to a sentencing reduction, and *Dean* simply reaffirms the clearly established

17

proposition that a sentencing court has the discretion to depart from the sentencing guidelines absent the applicability of statutory mandatory minimum sentence."). Thus, any argument at Laseter's sentencing that *Dean* provided a ground for the district court to impose a sentence below 20 years for Count One (or below five years for Count Three) would have been unavailing. Counsel is not ineffective for failing to raise a meritless claim. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

Laseter fails to demonstrate that Shelnutt's performance was professionally unreasonable and prejudicial. Therefore, he is entitled to no relief on this claim.

### IV.   CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 Motion filed by Laseter be DENIED and this case be DISMISSED with prejudice.

It is further

ORDERED that **by August 31, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal

conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 17th day of August, 2021.

                              /s/ Kelly Fitzgerald Pate
                              KELLY FITZGERALD PATE
                              UNITED STATES MAGISTRATE JUDGE