IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2021 SEP 23  A 9:49
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TAURUS RASHONE LASETER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:18-CV-444-MHH-KFP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **OBJECTIONS TO RECOMMENDATION OF THE MAGISTRATE JUDGE**

COMES Petitioner, TAURUS RASHONE LASETER ("Laseter"), appearing *pro se*, and files his Objections to Recommendation of the Magistrate Judge, and would show as follows:

## **PRELIMINARY STATEMENT**

As a preliminary matter, Laseter respectfully requests that this Court be mindful that *pro se* litigants are entitled to liberal construction of their pleadings. See *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165 (11th Cir. 2014) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."); *Haines v Kerner*, 404 U.S. 519, 520 (1972). Laseter adopts by reference and in whole his previous § 2255 Motion and Memorandum of Law in Support ("§2255 Motion").

## **OBJECTIONS TO RECOMMENDATION OF MAGISTRATE**

The nineteen (19) page[1] Recommendation of the Magistrate Judge into four (4) main sections and several subsections: (I) Background; (II) Standard of Review; (III) Discussion; and (IV) Conclusion. Laseter will object sequentially to the main sections and subsections as follows:

---

[1] "A wise man once said, that if I had more time I would have written a shorter letter."

## I. Background

Laseter does not object to this main section.

## II. Standard of Review

Laseter does not object to this main section.

## III. Discussion

The Magistrate Judge spends considerable time trying to find every way to deny Laseter's § 2255 motion and not grant him relief. Even though most of the communications between Laseter and Shelnutt were presumably in private conversations of which the record is silent, the Magistrate Judge takes Shelnutt's side, each and every time. Because there are facts in dispute between the parties an evidentiary hearing should be held so that Laseter can have to opportunity to prove his meritorious grounds for relief before the United States District Judge.

### A. Counsel's Failure to Communicate with Laseter and Inform Him of Consequences of Guilty Plea

With regard to this claim, the Magistrate states that considering the factual circumstances surrounding the plea, the Court finds no reasonable probability that Laseter would have opted to proceed to trial but for the alleged error of Shelnutt. Accordingly, this claim of ineffective assistance of counsel fails.

Laseter objects to the finding of the Magistrate Judge and stands by his arguments in his §2255 Motion and Reply to the government's response.

### B. Counsel's Failure to Conduct Adequate Investigation

According to the Magistrate Judge, Laseter is not entitled to relief on this claim. Laseter objects and states that this claim was sufficiently briefed and further briefing on this claim is not necessary at this time.

### C.     Counsel's Failure to Negotiate a More Favorable Plea Agreement

As with the other claims that Laseter had made against his former attorney, the Magistrate Judge takes the word of Shelnutt as the Gospel. The Magistrate Court contends in the MR that "As with Laseter's other claims, his § 2255 Motion sets forth no facts or argument to support this claim." See MR at 12. Laseter Objects. It is hard to imagine what additional evidence Laseter could present to establish what his trial counsel told him in presumably private conversations. The Court can neither credit nor refute Laseter's allegations of ineffective assistance on this record. To determine both deficiency and prejudice, the Court would benefit from additional facts that should be determined at an evidentiary hearing in the district court because there are facts in dispute between the parties, which must be resolved before the United States District Judge decides Laseter's § 2255 Motion. What is apparent is that we have a dispute regarding the facts in this case, and a he said, he said situation. Of course, the Magistrate Judge has squarely taken the word of Laseter's attorney at every turn. A district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Thus, "[a] petitioner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief." *Hernandez v. United States*, 778 F.3d 1230, 1232 (11th Cir. 2015). The record of this case does not so conclusively show, Laseter and counsel's representations conflict as to whether Laseter would have pleaded guilty if counsel had properly advised him regarding his plea agreement. The Magistrate Judge nonetheless claims that the district court's dismissal of Laseter's claim should be denied because he has failed to establish prejudice resulting from his trial counsel's allegedly deficient performance. The Magistrate Judge opines that "Because Laseter fails to demonstrate prejudice from his counsel's alleged failure to negotiate a more favorable plea agreement, he is entitled to no relief on this claim."

See MR at 13. At a minimum, Shelnutt could have tried to negotiate a plea agreement without the § 851 enhancement, which made Laseter's minimum mandatory sentence twenty years.

In light of the conflicting accounts by Laseter and counsel and the incomplete record on other relevant factors, the district court should hold an evidentiary hearing before deciding the § 2255 application.

### D-F. Counsel's Failure to Discuss the Presentence Investigation Report, Counsel's Failure to File Substantive Objections to the PSR and Counsel's Failure to Argue for Mitigation

On the above claims, the Magistrate Judge again uses Shelnutt's Affidavit in support of his attempt to summarily deny Laseter's § 2255 Motion. Laseter objects and states that an evidentiary hearing should be held to resolve facts in dispute between Laseter and Shelnutt and to expand the record.

Laseter re-adopts his argument in his § 2255 Motion. Further, Laseter's sentence was driven by his § 851 enhancement. At the sentencing hearing, Shelnutt inquired regarding the § 851 enhancement about the four (4) marijuana convictions listed on the government's information. See Doc. 60. On three of these convictions, Laseter was conviction of possession of marijuana and sentenced at the same time and all sentences ran concurrent. The government responded claiming that it decided to only use one of the convictions for the enhancement. However, the government failed to state which prior conviction it was using for the enhancement. Shelnutt failed to inquire as to which one was being used for the § 851 enhancement. This was important because Shelnutt never challenged any of the prior convictions as qualifying convictions. The Court merely inquired of Laseter whether he had been convicted of these offenses, but it did not inquire of the government as to which prior conviction was being used to enhance Laseter. As such, if one of the possession

4

charges was used, it could have been challenged as to whether it qualified under § 851.

Respectfully submitted,

Dated: September 21, 2021

_____
TAURUS RASHONE LASETER
REG. NO. 15642-002
FCI EDGEFIELD
FEDERAL CORR. INSTITUTION
P.O. BOX 725
EDGEFIELD, SC 29824

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2021, a true and correct copy of the above and foregoing Objections to Recommendation of the Magistrate Judge was sent via First Class U. S. Mail, postage prepaid, to Curtis Ivy, Jr., Assistant United States Attorney at United States Attorney's Office, 131 Clayton Street, Montgomery, AL 36104.

_____
TAURUS RASHONE LASETER

**USPS PRIORITY MAIL**

US POSTAGE PAID: $7.95
Origin: 77070
09/21/21
4800420059-05

PRIORITY MAIL 2-DAY®
0 Lb 2.20 Oz
1006
EXPECTED DELIVERY DAY: 09/24/21
C039

SHIP TO:
1 CHURCH ST
Montgomery AL 36104-4018

USPS TRACKING® #
9505 5104 4804 1264 6124 34

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

FROM:
TAURUS RASHONE LASETER
REG. NO. 15642-002
FCI EDGEFIELD
FEDERAL CORR. INSTITUTION
P.O. BOX 725
EDGEFIELD, SC 29824

TO:
Ms. Debra P. Hackett, Clerk of Court
U.S. District Court
Middle District of Alabama
Northern Division
One Church Street, Suite B-110
Montgomery, AL 36104

To schedule free Package Pickup,
scan the QR code.


PS00001000014
EP14F May 2020
QD: 12 1/2 x 9 1/2


USPS.COM/PICKUP