IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAURUS RASHONE LASETER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:18-CV-444-MHH-KFP |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

Before the Court is the Magistrate Judge's recommendation regarding petitioner Taurus Rashone Laseter's § 2255 motion, (Doc. 15), and Mr. Laseter's objections to the Magistrate Judge's recommendation, (Doc. 19).

When a party objects to a magistrate judge's recommendation, a district court must review the disputed portions of the magistrate judge's report *de novo*. 28 U.S.C. § 636(b)(1); *see United States v. Raddatz*, 447 U.S. 667, 674 (1980). A district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires a district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). "[A] party that wishes to preserve [an] objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (alteration added).

The Court has reviewed the Magistrate Judge's recommendation and Mr. Laseter's objections. In his objections, Mr. Laseter offers only conclusory assertions that the Magistrate Judge erred, but he does not demonstrate legal error committed by the Magistrate Judge. As the Magistrate Judge carefully and thoroughly explained, because of his attorney's work, Mr. Laster avoided a life sentence and received a sentence below the low end of his guideline range. Had Mr. Laseter's attorney not persuaded the Court to impose a sentence below the guideline range, Mr. Laseter's lowest possible sentence would have been 382 months (322 months on Count 1 and 60 consecutive months on Count 3). Mr. Laster's attorney successfully persuaded the Court to impose a 300-month sentence (240 months on Count 1 and 60 consecutive months on Count 3), a substantial reduction below the guideline range and the lowest possible sentence because of the mandatory minimums that applied to Mr. Laseter. The evidence against Mr. Laseter, which included recorded conversations of transactions, made a plea agreement Mr. Laseter's best option, and his lawyer's arguments produced the lowest sentence available to Mr. Laseter. It is a significant sentence, but the sentence is the product of Mr. Laseter's criminal history and his offense conduct. On the record before the Court, Mr. Laseter has not established that his attorney's work was deficient or that he his sentence is unfair or unreliable.[1] Mr. Laster has not explained how an evidentiary hearing would alter the analysis of his § 2255 motion. Therefore, the Court overrules Mr. Laseter's objections.

---

[1] In his objections, Mr. Laster does not challenge the Magistrate Judge's explanation of the legal standard for claims of ineffective assistance of counsel. (Doc. 15, pp. 3-5; Doc. 19, p. 2).

2

Accordingly, for the reasons as stated above, the Court adopts the Magistrate Judge's recommendation.  By separate order, the Court will dismiss this matter.

**DONE** and **ORDERED** this December 17, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE